The Deputy Commissioner determined on conflicting testimony and inferences drawn from medical and other documentary evidence that the plaintiff failed to prove that his surgical back condition resulted from a job related accident, and the weight of the evidence, in light of her evaluation of the witnesses, supports that result.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, with the exception of minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Pre-trial Agreement and at the hearing before the Deputy Commissioner as
STIPULATIONS
The stipulations contained in the Pre-Trial Agreement are incorporated by reference herein, and a package of medical documents regarding treatment of plaintiff, totaling fifty-nine pages, is admitted into evidence. The parties stipulated that the plaintiff's average weekly wage on or about June 28, 1994 was $360.14. The Form 18 was received into evidence as Stipulated Exhibit No. 2, and the Form 19 was received into evidence as Stipulated Exhibit No. 1.
* * * * * * * *
Based upon all of the competent evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-one year old married male with an eighth grade education who had prior work experience with defendant-employer for approximately six years as a mechanic and had also worked as a painter. Plaintiff had previously worked for defendant-employer from December 7, 1987 through May 14, 1993, and then again from March 19, 1994 up until July 22, 1994.
2. Plaintiff alleges that on June 28, 1994, he injured his back while unloading a lawn mower "outside the shop" from a trailer "when a chain caught up on the wheel . . . went around my leg and it snatched me down", and he fell and hit his back against the trailer, and then hit the ground. Plaintiff testified that he recalled the specific date of injury as he had written it down at the time the alleged injury occurred. The plaintiff also testified that the lawn mower he was unloading belonged to a Ms. Judy Jones and that his supervisor, Mike Woodington, said that he saw plaintiff fall when he went to inform Mr. Woodington of his injury.
3. Employment records of defendant-employer revealed that although work was done on Ms. Jones' lawn mower on June 28, 1994, such work was done at Ms. Jones' home, and that it was not until July 6, 1994 that Ms. Jones' lawn mower was picked up and brought into defendant-employer's shop. Furthermore, Mr. Woodington, plaintiff's supervisor, testified that he did not accompany plaintiff to Ms. Jones' residence on June 28, 1994, and that plaintiff did not inform him of sustaining any injury on June 28, 1994.
4. It is undisputed that plaintiff completed his entire workday on June 28, 1994, and continued performing his regular work duties for defendant-employer until at least July 18, 1994.
5. On July 18, 1994, plaintiff was leaving his house when his leg gave way causing him to fall down the steps of his home. Plaintiff fell on his hands and on the left side of his body. Immediately following this incident, plaintiff contacted Dr. Wojeski, a chiropractor, who arranged to see plaintiff on July 22, 1994.
6. When seen by Dr. Wojeski on July 22, 1994, plaintiff reported that the first time that he became aware of this problem was on July 18, 1994 and he did not know the cause of his pain or how it started. On this visit, plaintiff did not attribute his condition to a work related injury. The diagnosis was sacroiliac strain and the plaintiff continued to be treated by Dr. Wojeski conservatively through August 22, 1994 when he was referred to another chiropractor, Dr. McGee. During the time plaintiff was treated by Dr. Wojeski, he was released from work activities.
7. On August 24, 1994, plaintiff was first seen by Dr. McGee to whom he reported that his symptoms had begun July 10, 1994. Following his examination, Dr. McGee referred plaintiff to Dr. Wooten, an orthopaedic surgeon, for further evaluation. On August 30, 1994, plaintiff was seen by Dr. Wooten to whom he related the onset of back and right leg pain beginning July 10, 1994. Plaintiff stated that he had no known injury, and also stated that his back and right leg pain began approximately one week after falling at work. This was the first time plaintiff had informed a medical provider since he first began seeking medical treatment on July 22, 1994, that he had fallen at work. Plaintiff did not inform Dr. Wooten of the fall down his steps at home on July 18, 1994.
8. Dr. Wooten diagnosed plaintiff's condition as acute L-5 radiculopathy secondary to a herniated disc. Following a course of conservative treatment, Dr. Wooten subsequently performed surgery to repair the herniated disc at the L4-5 level on September 27, 1994. While recovering from this surgery, plaintiff suffered an injury when he fell in the hospital. Plaintiff was subsequently referred to Dr. Hardy, a neurosurgeon, who performed a second surgery on March 30, 1995 for a recurrent herniated disc at the L5-S1 level.
9. Plaintiff reached maximum medical improvement as a result of his disc surgeries on September 14, 1995, and he retains a fifteen percent (15%) permanent partial disability to his back as a result of said surgeries. As a result of said permanent partial disability, plaintiff is limited to performing work activities which would not require him to lift in excess of 20 to 25 pounds.
10. Ms. Hodges, defendant-employer's secretary, did not learn of plaintiff claiming an on-the-job injury due to the alleged June 28, 1994 injury until October 1994. Although Ms. Hodges was aware that plaintiff was experiencing problems and was seeing a chiropractor, when she asked plaintiff what had happened, he informed her that he did not know. Ms. Hodges, to whom injuries are normally reported, was not at work on June 28, 1994; therefore, any on-the-job injuries should have been reported to Mr. Woodington, the Service Manager. As aforementioned, Mr. Woodington testified that plaintiff did not inform him of an on-the-job injury.
11. Based upon the totality of the evidence of record, and the hearing Deputy's evaluation of conflicting testimony, the undersigned finds that plaintiff has failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer on June 28, 1994. This conclusion is based upon findings that: (1) plaintiff did not report a work related injury to his immediate supervisor on June 28, 1994, nor to the office personnel in charge of worker's compensation claims upon her return to work from vacation; (2) plaintiff continued performing his usual job duties without seeking any medical treatment following his alleged injury through July 18, 1994; (3) plaintiff did not request from his supervisor, Mr. Woodington, or the person in charge of worker's compensation claims, Ms. Hodges, that he be allowed to seek medical treatment for this alleged injury prior to calling Dr. Wojeski on June 18, 1994; (4) when plaintiff did first seek medical treatment from Dr. Wojeski, he did not report a work related injury; (5) during plaintiff's initial visit with Dr. Wojeski, he gave an onset of symptoms beginning on July 18, 1994; (6) it was not until August 30, 1994 after seeing two prior physicians that plaintiff first gave a history of falling at work; and (7) defendant-employer's records and testimony of Mr. Woodington reveal that plaintiff did not pick up a lawn mower from Ms. Jones' residence on June 28, 1994, but that any work performed on that date was done at Ms. Jones' residence.
12. Plaintiff failed to present expert medical opinion testimony which establishes a causal relationship between any alleged injury on June 28, 1994, and the herniated disc condition which subsequently necessitated the surgery in September, 1994 and March, 1995.
* * * * * * * *
The foregoing stipulations and findings of fact engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff has not proven he sustained a back injury by accident or as a result of a specific traumatic incident of the work assigned which arose out of and in the course of his employment with defendant-employer. N.C. GEN. STAT. § 97-2(6).
2. Plaintiff is, therefore, not entitled to benefits under the Worker's Compensation Act. N.C. GEN. STAT. § 97-2 et seq.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. This claim, under the law, must be, and hereby is DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
JRW:md